IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIELLE E. LEVARIO,                          Civil No. 09-83-AA
                                              OPINION AND ORDER
          Plaintiff,

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
_____

Kimberly K. Tucker
Swanson, Thomas & Coon
820 SW Second Ave., Suite 200
Portland, Oregon 97204
     Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David J. Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Chief Judge:


1   - OPINION AND ORDER

Claimant, Danielle Levario, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

### PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI on December 16, 2004, alleging disability beginning July 13, 2003, due to her physical and mental impairments. Plaintiff's date last insured for DIB was March 31, 2007. Plaintiff had previously filed applications in 2003; these were denied on initial consideration and plaintiff did not appeal. In November 2006, plaintiff's previous attorney submitted a letter requesting a closed period of disability from July 13, 2003, through July 31, 2005, requesting an on-the-record decision and waiving plaintiff's right to an in-person hearing. On March 19, 2007, the Administrative Law Judge (ALJ) issued a decision finding plaintiff not disabled. In August 2007, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.

### STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a

2    - OPINION AND ORDER

mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  First the Secretary determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three the Secretary determines whether the

3    - OPINION AND ORDER

impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. <u>The ALJ's Findings</u>

At Step One of the sequential analysis explained above, the ALJ found that, although plaintiff had earned $33,815.18 in calender year 2003, and $2,546.01 in calendar year 2004, tr. 80, it was unclear whether she engaged in substantial gainful activity during the closed period from July 13, 2003 to July 31, 2005, and therefore, no decision would be made at this step in the evaluation process. Tr. 21.

At Step Two, the ALJ found that, during the closed period from July 13, 2003, to July 31, 2005, plaintiff had severe impairments including status post concussion, status post left

upper extremity fracture, status post surgeries of the right knee, injuries to bilateral knees, and adjustment disorder.  Id.

At Step Three, the ALJ found that during the closed period, plaintiff's impairments did not meet or equal the requirements of a listed impairment.  Id.

During the closed period, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work.  She could occasionally lift or carry twenty pounds and frequently lift and/or carry ten pounds; she could stand and/or walk for a total of at least six hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday; must avoid heights and never climb ladders, ropes or scaffolds; and had mild limitations in her ability to maintain social functioning, and moderate limitations in the ability to maintain concentration, persistence and pace.  Tr. 21-22.

At Step Four, the ALJ found that during the closed period, plaintiff was capable of performing past relevant work.  Tr. 24-25.  Therefore, the ALJ found plaintiff not disabled.

2. Plaintiff's Allegations of Error

The plaintiff contends that the ALJ improperly rejected her examining physicians' opinions.  An ALJ may reject medical opinions for specific and legitimate reasons, if those opinions are controverted by other medical opinions of record.  Batson v. Commissioner of SSA, 359 F.3d 1190, 1195 (9th Cir. 2004). Plaintiff concedes that the ALJ considered Dr. Steven Dickinson's, Psy.D, diagnoses.  Plaintiff argues, however, that the ALJ should have found in his RFC finding that plaintiff had "moderate" limitations in activities of daily living and social

functioning, rather than only "mild" limitations in those two categories. Plaintiff bases her argument on Dr. Dickinson's Global Assessment of Functioning ("GAF") of 58 on June 10, 2005. A GAF of 51 - 60 indicates an individual with "some" moderate symptoms (e.g., flat affect, circumstantial speech, occasional panic attacks) "or" moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers). See DSM-IV-TR. The previous year, Dr. Dickinson found that plaintiff had a GAF of 61 (during the period June 10, 2004 through June 9, 2005). A GAF of 61 to 70 indicates an individual with "some mild symptoms (e.g. depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning . . . but generally functions pretty well, has some meaningful interpersonal relationships." DSM-IV-TR at 34. Dr. Dickinson's opinion was supported by examining psychologist Bill Hennings, who assessed plaintiff with only "mild" limitations. Tr. 24, 466.

Dr. Davidoff, M.D. assessed plaintiff with frequent postural limitations. Tr. 440. This was accommodated in the ALJ's findings. Tr. 23. Dr. Davidoff assessed plaintiff with the ability to stand and walk from 2-6 hours in an eight-hour workday. Tr. 440. This was also accommodated in the ALJ's findings. Tr. 23. Dr. Davidoff, however, opined that "at this point" (December 31, 2005), plaintiff could lift or carry ten pounds either occasionally or frequently. The ALJ assigned the capacity to lift ten pounds frequently and twenty pounds occasionally. Tr. 23. This difference, however, has no practical application since plaintiff's past relevant work as a therapist

6    - OPINION AND ORDER

involved lifting a maximum of less than ten pounds.  Tr. 25.
Therefore, based on either restriction, plaintiff would be able
to perform her past relevant work and not found disabled.  I find
that the ALJ accurately evaluated Drs. Dickinson's and Davidoff's
opinions.  I agree with the ALJ that a disabling degree of
impairment was not supported by any physician of record.  Tr. 24.
There is nothing in the record, including plaintiff's testimony,
to support plaintiff's claim that she was disabled for any twelve
month period.  Plaintiff bears the burden of presenting evidence
that proves her inability to perform past relevant work for such
a period.  See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir.
1999).

    Plaintiff also argues that the ALJ failed to properly
consider the vocational effects of her impairments.  The ALJ
concedes that plaintiff broke her right arm and not her left arm.
Plaintiff concedes that by the time of Dr. Davidoff's examination
in May 2005, her migraines had decreased in frequency to
approximately one every three weeks.  The parties agree that
plaintiff's back pain caused the sitting, standing and walking
limitations assigned by Dr. Davidoff.  Plaintiff failed to show
how a temporary right wrist and right thumb impairment would have
prevented her from resuming her work as a therapist.  See Tackett,
180 F.3d at 1098-99.  The ALJ's interpretation of the evidence is
reasonable and therefore affirmed.  See Batson v. Comm'r of the
Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004)(ALJ's
finding must be upheld when supported by rational interpretations
of the evidence).

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this   19   day of May 2010.


                              /s/ Ann Aiken
                              Ann Aiken
                    United States District Judge